This morning is 2012-11-65 EWINWIN v. GROUPON Mr. Springer, are you ready? Good morning, Your Honors. May it please the Court, EWINWIN's contentions this morning are twofold. First, the trial court, the Middle District of Florida's commission of clear error in its construction of certain terms for the patents that were in suit at the trial court below, specifically the construction of terms price schedule, volume discount, and volume price. We'll get to those issues in just one second, but the fundamental error in that construction was the implementation or the requirement that those terms all have a first and a second price. Perhaps the bigger error, however, and the issue that EWINWIN would like to address first with the Court's claim construction in granting summary judgment of non-infringement in favor of GROUPON. And the errors, I guess the litany of the mistakes we contend are the lack of discovery that took place in developing a factual record. To the extent that there was a factual record on which summary judgment was based, it was limited to two declarations that had clearly conflicting declaratory statements. And then finally, the Middle District of Florida actually acknowledged certain statements in the EWINWIN declaration, but notwithstanding those factual statements, then sua sponte created a new factual premise, which was the linchpin of determination in granting summary judgment in favor of GROUPON. Now with respect to the first issue on the summary judgment side, there was the lack of discovery. But can I get to the other part of maybe of the summary judgment? Sure. So based on the record as existed before the trial court, what was the material fact in dispute? You're assuming for purposes of summary judgment now that you lose on the claim construction. In other words, we're following how the district court construed the various terms. In that context, to be clear, it's our contention that A, we believe the claim construction was wrong, which leads to a… No, I understand that, but I thought in the summary judgment you were asking us at least an alternative. Obviously, if the claim construction falls, then the summary judgment is… Correct, if water falls from there. Right. But even assuming… Tell us about what the material factual issues were with respect to summary judgment under this current claim construction. Certainly. So the material fact that was the clear issue here that created the error was the declarations. And the GROUPON declaration, which was issued by a financial officer of GROUPON concerning the technical operation of its product, made an unqualified statement that in all instances the GROUPON system utilizes and operates in the context of a single price. The E-WIN-WIN declaration, however, clearly evidenced based on the use of the GROUPON system, not just speculation, but actual interaction with the GROUPON system showed numerous examples of there being multiple price points in the system. I can see that, and maybe you can show us the declaration, or perhaps we're both talking about the same thing. I think that the E-WIN-WIN evidence only established examples using GROUPON bucks. And so that's not different prices. That's not different prices being offered to people based on any kind of volume selling. It's GROUPON bucks that you get because you referred somebody to GROUPON. So I didn't see any evidence in any declaration provided by E-WIN-WIN of different pricing, unless I'm mistaken. So I agree with you in part. So that is where the issue lies, is the use of these GROUPON bucks. And it's those GROUPON bucks that do come from referrals, but those referrals and the existence of those bucks or those credits in your account, that's what results in the different prices. So in the declaration... Well, how does that have anything to do with volume? You get the bucks by referring someone. And it's not because they bought on this deal. It's because they bought on any deal. So if you get the bucks for referring them, it is not changing your price or anyone else's price based on the volume of sales of this deal. So how is that a volume sale-based differentiated pricing scheme? It depends on exactly where you're looking at the claim. So the issue, at the end of the day... I'm pretty sophisticated on this Living Social Groupon. Fair enough. That's actually a good thing you're on. But if you look at the courts, if you actually look at the Middle District of Florida's order, and if you look at page seven of that order, and it's the court's document 120, the court stated, the Middle District of Florida stated, the court agrees with Groupon's argument that all of E-Win-Win's patents require... You're just a little past me. Where are you? Page seven of the appendix opinion? Yes, of the court's... The actual title is the... I apologize. It's the order on summary judgment. What number on the appendix? This is actually in the appendix to the actually opening brief. It's not in the joint appendix. Correct. Page seven? Yes. Page seven that has the word control. It's page 53 of our brief. It's page seven of the order. It has the word controller in the middle of the page? Is that the page you're on? No, it's... Okay. So it's page 53 of our brief, page seven of the order, and there's the header, section three, Groupon's motion for summary judgment at the top of the page. I'll read the quote. Are we looking at the back of blue? Yes. And it's called order, but it's just an order. The first judicial order we have in the back of the blue... There's the claim construction order. Yeah, that's the claim construction order. That's not what I'm talking about. Correct. I'm looking at the court's order on summary judgment, Your Honor. Okay. Give me a second. And that's page 53 of the actual blue brief. Oh, I see. And there, if you look about two-thirds of the way down the page, the paragraph starts, Groupon makes several arguments, but the section I'm looking at specifically, it states, the court agrees with Groupon's argument that all of E-Win-Win's patents require that the price for the product vary based on the volume of the product order. Because the court finds that Groupon does not sell its Groupons for more than one price, the court finds that Groupon is entitled to summary judgment. So the issue isn't so much the volume, I believe, that Your Honor, Judge Moore is pointing to, it's the more than one price. The court... It's not more than one price. The price is the same, they just have a credit. So that's where the dispute arises, and that was the other issue. It's like a question of fact on infringement. It doesn't seem to me. I mean, it's either, is it more than one price? I mean, that's an issue of claim construction. Or when someone applies a credit to something, does that somehow change their price? I still owe the same price no matter how many credits I have in my account. I mean, you know, maybe I even have credits in my account, by the way, because I returned some Groupon because the place went out of business. That's a credit I can apply to another Groupon. It's another example like the buck. But it's not a change in the price. So this is where I would respectfully disagree, Your Honor, and this is the very issue. And this issue came up for the very first time actually in the court's order. It wasn't raised by E. Win Win, and of all people that should have raised the issue, it would have been Groupon, but Groupon didn't raise that issue either. So this issue of the partial payment is what I believe Your Honor is referring to, and it's ultimately what the Middle District of Florida relied upon as well in granting summary judgment. The issue of partial payment showed up for the very first time in the court's order. There had been no discovery. There had been no deposition. I don't understand what is the issue you're characterizing, the issue of partial payment. Are we talking about the Groupon bucks? Correct. And how they operate, so you think that's a matter of partial payment? Well, the Middle District of Florida has characterized it as a partial payment. Okay. E. Win Win characterized it as being an entirely different price, and this is where I would disagree with you, Judge Moore, is you indicated it would just be credits. I still owe the same price, but in the examples provided in the E. Win Win declaration, for example, the ice cream example, where there was two individuals buying the exact same products, the ice cream Groupon, one person at the end of the day paid one price, and another person paid a different price based on those Groupon bucks. So at the end of the day, their price out of pocket was different. Well, but except if we start with the premise that for summary judgment purposes we're going to accept and agree with the claim construction here, that's still something different than the claim construction, which envisions the difference in price being pressed by the difference in volume. So whether or not Groupon bucks has one person paying a different price than the other, for whatever reason, that reason is not the same as envisioned in the claim. I would respectfully disagree. So in one context, the claim, the construction in the subsequent order, was focused more on the price, and we don't disagree. There's an aspect of volume in the claim, but the issue that the court looked at was the multiple price points. But the claim limitation says, deriving a plurality of customized price schedules for a product based on at least one buyer profile, each of the plurality of customized price schedules varying in accordance with the quantity of the product ordered. Sure. And so the E-win-win declaration showed, so the question backs up to where did the Groupon bucks come from? And in some instances they could be referrals. That's absolutely correct. But in order to get that referral, it's tied to another deal that tips that other deal being based on volume. So while one deal, for example, my purchase of the ice cream Groupon by myself may not be necessarily correct. No, you can't do that. You can't cross-deal, because the limitation says a plurality of customized price schedules for a product varying in accordance with the quantity of the product ordered. Because you said the product, it has to be the same product up above. The Groupon deal money doesn't come from the purchasing of the same thing. It can come from anywhere. Well, the price schedule is tied to that individual product. So the price schedule for, let's use the ice cream example again, that is tied to the product, but it's also tied to… And it has to be tied to the quantity of that same product being sold, and the Groupon bucks are not tied to that product. I mean, I would respectfully disagree in your interpretation of the claim in that context. But the claim says the product. I mean, you know what antecedent basis is, right? I absolutely do. So antecedent basis, the product, means it has to be the same product you're talking about the price schedule for. So I think that question to you is still a very good one, and I haven't gotten it. I haven't heard you give her a good answer, which is don't all these claims require the price schedule to vary based on the volume of the very same product? Well, so in the context of the 419 patent, which is I believe what you're talking about, where it states creating two or more price schedules for a product based on information contained in at least one buyer's profile, each price schedule consisting of a list of two or more prices for the product that vary on a quantity of the product ordered from the two or more deal rooms. And that's where the rest of the claim comes from is two or more deal rooms. So there's the possibility of volume being basically derived from any number of deal rooms in the Groupon universe. No, but only from quantity of the product. If that comes back, I guess fundamentally we had been talking about the summary judgment issue. That goes back then, I guess, and plugs into the area that we believe existed with the claim construction from the outset. I don't want to take all your time. I know you want to save some for rebuttal, but didn't the district court, my recollection is that the district court opened up discovery as to claim construction and infringement issues. So I don't understand your complaint that you weren't given adequate discovery. So the court did allow, at the very beginning, it allowed for limited discovery with respect to claim construction and infringement issues. And E1WIN did serve discovery requests on Groupon. Groupon, however, never produced a single document. And before any sort of motion to compel or other remedial process could be initiated, the court issued a subsequent order, an interim scheduling order, that stayed all for the discovery after the completion of the Markman hearing and subject to the completion of summary judgment. So at that point, Groupon was able to hide behind the fact that they had not produced documents in the course of discovery. And the Middle District of Florida, while I don't believe they intended to be capricious, the sudden dropping of the hammer there with respect to discovery suddenly stayed and stopped. It would have been one thing if the court had laid out a schedule saying discovery is going to terminate on such and such a date, and one of the parties had dallied and not done anything. But in this case, the court didn't indicate a termination date for discovery. It just arbitrarily came down in the context of the interim scheduling order, and suddenly the parties were stuck. How long was discovery open? It was open for, I believe, a period of less than six months. It wasn't even six months, Your Honor. The procedure was an expedited Markman and summary judgment proceeding. So with the court's permission, I'd like to say the remainder of my time. Thank you. We'll hear from the other side now. Mr. Hatton. May I please call, Your Honor? Let me address the last issue first, which was what actually happened in the lower court. So Groupon did request initially in this case a stay of all discovery and the opportunity to file an immediate summary judgment motion based on the very fact we've been talking about, which is that Groupon offers Groupons at a single price. The court denied that request and instead opened discovery with respect to infringement and claim construction and then set a schedule for a Markman process briefing and hearing. So discovery was open. EWIN served discovery. Groupon responded. They complained that we didn't produce documents. We didn't produce documents, largely because the requests were all about damages. They never met and conferred. They never sought to compel. We provided names of people who knew. Can you clarify? You said we didn't produce documents because the request was all about damages? Yes. And so then you thought the damages... I'm sorry if I wasn't clear. The court bifurcated discovery in its initial order in April of 2011. So it allowed discovery of infringement and claim construction. It did not allow discovery at that point on damages. So we did answer... Why didn't the court go into the allenity? I think initially, Your Honor, because we were pushing for a non-infringement summary judgment based on the fact that... But your counterclaims said it was invalid under 101. Yes, Your Honor. So we did make that argument, but to try to get the case resolved quickly, we agreed to proceed. Would it have been a lot quicker to have it drawn out because of 101? In hindsight, Your Honor, and with the way that the post-Bilski law has developed since then, you're probably right, Your Honor. We thought we had a clean shot of non-infringement based on the multiple price issue. And, in fact, these patents were obtained over a patent that's now owned by Groupon that describes a public website that does exactly what Groupon does. So we didn't see any path in which this patent could be found valid. Well, that's not a 101. No, I understand, Your Honor. I'm just explaining why we went for non-infringement. So getting back to the point, discovery was open, we answered interrogatories, we identified people who were knowledgeable, even when we made no effort to take any depositions, made no effort to meet and confer, made no effort to do anything with respect to discovery. I think they were hoping to get a claim construction that would leave the issue muddy enough that they could then extract some kind of settlement. That didn't happen. The court never closed discovery. It never opened discovery on the issues that had been stayed. It set a hearing for summary judgment after the claim construction and after the court ruled on Ewen Wynne's motion for reconsideration of that claim construction. The court was very thorough and went through this step by step. The complaint was filed. Is the only fact issue that they've raised, as far as you're aware of, pertains exclusively to the Groupon box? Yes, Your Honor. So does this mean Groupon doesn't have one of these things? Because I think Living Social has one of these things, where if you get free people to buy the deal, you get the deal for free. As far as I'm aware, I don't have anything like that. Because that would seem to me to be different prices based on volume, right? If you're getting free people to buy it. So that's not something that you do that's not part of this record? No, Your Honor, it's not part of the record. And the Groupon terms and conditions were actually attached by Ewen Wynne to one of their declarations opposing the summary judgment motion, and it explains how the Groupon box works, and we don't dispute the description there. But we agree with Your Honor that they are general credits that you earn based on referring customers, and they don't depend at all on the volume of the Groupon that you redeem them for. In fact, if you look at their examples, you could buy the Groupon before you get the box, and you're going to pay the higher price, because you'll get the box and use it for your next purchase. If you'd like me to address the client construction issues, I'm happy to. Thank you, Your Honor. Thank you, Your Honor. Just to clarify on the discovery issue, again, the court did close discovery. It stayed discovery, and that can be found in the joint appendix at 196, and that was the court's interim scheduling order, where after the Markman hearing had taken place, and prior to summary judgment, the court stayed any further discovery. And Ewen Wendt actually had raised this issue of the lack of production of documents by Groupon to the court previously, and mention of that can be found during the Markman hearing and the transcript for that. But is it related only to documents asked for about damages? It was not limited solely to damages. I believe the universe was greater than that, and then to award or basically to allow Groupon to hide behind that effectively encourages stonewalling with discovery, and in this case, it worked to their benefit. And an unbeknownst or an unexpected stay of discovery ended up coming down, where at that point, Ewen Wendt was stuck with no opportunity to move to compel before then. Now, returning back to your prior example, Judge Moore, of the multiple, the volume-based transactions, there was another example in the Ewen Wendt declaration, and that concerned not only the ice cream, but the use of laser treatment or the laser skin treatment sale. And that was an example that the Middle District of Florida never addressed, not even mentioned in their order. And I think, I believe that laser treatment example that's in the declaration, that shows a single product, the laser treatment, and the various price levels with that. So in that example alone, there's examples of multiple price steps. But again, it was not addressed by the court. Again, this is just an example of Groupon bucks. Yes, it's applying Groupon bucks, but it's still tied to the volume of the product that's been sold. And our issue is, in part, Groupon never countered our declaration. They submitted their declaration, and they never countered our declaration, nor did they counter any of the statements in our declaration here on appeal. I don't want to say they've implicitly admitted it, but they certainly have not denied it. And obviously, the consequence of them denying it would be effectively to admit that there does exist a genuine issue of material fact. The only thing Groupon has done with respect to the factual scenario is in their brief, they did a list, sort of a bullet point list, of agreed-upon facts. Well, I wouldn't necessarily characterize those as agreed-upon facts because with respect to the Groupon bucks specifically, while they identified certain facts as being undisputed, there's absolutely no reference to the joint appendix as to what would support their interpretation of the Groupon bucks and how their interpretation is purportedly undisputed. Is E1Win asserting this patent against anyone else? I didn't see anything in there related. E1Win has asserted these patents, the 419, the 469, and the 707, only against Groupon, Your Honor. We have the argument. We thank both counsels. The case is submitted. Thank you, Your Honor. This concludes the proceedings for this morning. All rise.